IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § | CIVIL ACTION NO. 3:10-CV-136-M |
| v. | § § | |
| TSUKUDA-AMERICA, INC. and JOHN W. PETROS, | § § § | |
| Defendants. | § | |

## FINAL JUDGMENT AND ORDER OF SEVERANCE

Before the Court are the Motion for Default Judgment [Docket Entry #31] and the Motion for Civil Penalty [Docket Entry #36] against Defendant Tsukuda-America, Inc. ("Tsukuda") filed by Plaintiff the Securities and Exchange Commission (the "SEC"), as well as the Motion for Separate Trial [Docket Entry #35], Motion for Stay [Docket Entry #39] and Motion to Set Aside Default Judgment and for Reconsideration [Docket Entry #41] filed by Defendant John W. Petros.

On January 26, 2010, the SEC filed a Complaint alleging that Tsukuda and Petros violated federal securities laws by filing false registration and offering statements with the SEC, containing, among other things: (a) a forged audit report; (b) false identification of a stock transfer agent company as being the transfer agent for Tsukuda; (c) a bogus legal opinion; (d) a fake geologist's report; and (e) fabricated corporate financial information.

On February 16, 2010, Petros, individually and putatively on behalf of Tsukuda, filed an Answer to the SEC's Complaint [Docket Entry #6]. The Court ruled that Petros, as a non-attorney, lacked standing to represent Tsukuda, and ordered Tsukuda to appear through a licensed attorney on or before May 5, 2010, or be subject to default [Docket Entry #24]. To date, no licensed attorney has appeared in this case on behalf of Tsukuda. On May 6, 2010, the Clerk entered a default against Tsukuda.

1

Where, as here, a default has been entered pursuant to Federal Rule of Civil Procedure 55(a), the factual allegations of the complaint are taken as true. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2688 (3d ed. 1998). Having reviewed the SEC's Complaint, the Motions and the evidence, the SEC's Motions for Default Judgment and for Civil Penalty against Tsukuda are **GRANTED**.

It is hereby **ORDERED, ADJUDGED** and **DECREED** that Defendant Tsukuda, its agents, servants, employees, attorneys, and all persons in active concert or participation with it who receive actual notice of this Final Judgment by personal service or otherwise, are PERMANENTLY ENJOINED from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), by directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce, or by the use of the mails: (1) employing any device, scheme or artifice to defraud; or (2) obtaining money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statement(s) made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser.

The Court finds that Tsukuda's violation involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement, and that it created a significant risk of substantial losses to other persons, namely investors from whom Tsukuda sought to raise $600,000 through the offer and sale of three million shares of common stock. Therefore, it is further **ORDERED, ADJUDGED** and **DECREED** that Tsukuda shall pay a civil penalty of $100,000.

All claims relating to Defendant John W. Petros are hereby **SEVERED**. Petros' Motion to Sever and for Separate Trials is therefore **DENIED** as moot. The Court **ORDERS** the Clerk of the

Court to assign the severed action a separate cause number and directly assign that case to this Court. This Judgment as to Tsukuda therefore constitutes a Final Judgment in this case.

The Motion to Set Aside Default Judgment filed by Petros, which the Court construes as a motion to set aside the default entered by the Clerk, is **DENIED**. Petros' Motion to Stay, which now pertains to the severed case against him, is also **DENIED**. However, Petros may seek particular stays upon specific matters in that severed case as appropriate, pending resolution of the appeal of this case.

This Order may be served upon Tsukuda in person, by electronic mail or by certified mail, either by the United States Marshal, the Clerk of the Court, or any member of the staff of the Securities and Exchange Commission.

**SO ORDERED.**

June 11, 2010.

_____
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**