IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 3:10-cv-01178-M |
| JOHN W. PETROS, | ) ) | |
| Defendant. | ) | Pretrial Management |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the *Standing Order of Reference* dated May 24, 2011, this case has been referred for pretrial management, including the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendations on dispositive motions. Before the Court are the following motions:

1. *Motion to Alter or Amend A Judgment [Doc. 25]*, filed May 26, 2011 (doc. 33);

2. *Plaintiff's Motion to Strike [Docs. 26, 33] and for Additional Relief*, filed June 7, 2011 (doc. 39);

3. *Defendant's Motion for Additional Relief and Defendants Motion to Strike Plaintiff's Motion to Strike [Doc. 39] and for Additional Relief*, filed June 14, 2011 (doc. 42);[1]

4. *Motion for Separate Trial*, filed June 14, 2011 (doc. 44);

5. *Motion to Strike Third Party Complaint [Doc. 37] and for Additional Relief*, filed June 21, 2011 (doc. 47);

6. *Defendant's Answer to Plaintiff's Motion to Strike Third Party Complaint and*

---

[1] *See also Plaintiff's Response to Defendant's Motion for Additional Relief and Defendant's Motion to Strike Plaintiff's Motion to Strike and for Additional Relief [Doc. 42],* filed June 28, 2011 (doc. 53); *Defendant's Answer to Plaintiff's Response to Defendant's Motion for Additional Relief and Defendant's Motion to Strike Plaintiff's Motion to Strike and for Additional Relief [Doc. 53]*, filed July 5, 2011 ( doc. 99).

    *For Additional Relief [Doc. 47]*, filed June 29, 2011 (doc. 55);[2]

7.  *Plaintiff's Motion to Strike Defendant's First and Second Third Party Complaints [Docs. 37, 109] and for Additional Relief*, filed July 26, 2011 (doc. 107);

8.  *Plaintiff's Supplemental Motion to Strike Defendant's Third Party Complaints [Docs. 37, 109, 114] and for Additional Relief*, filed August 16, 2011 (doc. 126);

9.  *Motion for Summary Judgment on Third-Party Complaint [Doc. 127]*, filed August 16, 2011 (doc. 127); and

10.  *Motion for Summary Judgment on Third-Party Complaint [Doc. 37]*, filed August 16, 2011 (doc. 128).

Based on the relevant filings and applicable law, Petros' motions to alter or amend judgment (doc. 33) and to strike or deny the SEC's motions to strike, to strike references to third parties, and for dismissal and judgment (*see* docs. 42,55) should be **DENIED**; the SEC's motion to strike (*see* doc. 39) Petros' motion to alter or amend judgment should be **DENIED as moot**; the SEC's motion (doc. 39) to strike Petros' counterclaims and crossclaims [doc. 26] and motions to strike (docs. 47, 107, 126) his first three third party complaints [docs. 37, 109, 114] should be **GRANTED**; Petros' counterclaims and crossclaims [doc. 26] should be **STRICKEN**; all of Defendant's third party complaints [docs. 37, 109, 114, 127] should be **STRICKEN**; and the motions for separate trial (docs. 44, 55) and for summary judgment (docs. 127, 128) based on the stricken third party complaints should be **DENIED as moot**.

## I.  BACKGROUND

  On January 26, 2010, Plaintiff Securities Exchange Commission (SEC) filed a complaint against Defendants Tsukuda-America, Inc. (Tsukuda) and John W. Petros (Petros) alleging that they violated federal securities laws by filing false registration and offering statements. *See SEC*

---

[2]Although entitled as an answer, the filing moves for affirmative relief beyond the denial of the SEC's motion to strike (doc. 47), and it is therefore liberally construed as a separate motion.

*v. Tsukada-America, Inc. and John W. Petros*, No. 3:10-cv-136-M (Original Case). Petros filed an answer on behalf of Tsukuda and himself that asserted counterclaims and crossclaims against the SEC and several of its employees for allegedly abusing the power granted by the Securities Act of 1933 and the Securities Exchange Act of 1934. (*See* Original Case, doc. 7.) He also asserted crossclaims against various third parties to which he attributed responsibility for the SEC's allegations against him. (*See id*.) The Court granted the SEC's motion to strike the counterclaims and crossclaims on grounds that Section 21(g) of the Securities Exchange Act of 1934 "functions as an absolute bar against counterclaims and crossclaims in SEC enforcement proceedings" in cases where the SEC does not consent to the inclusion of a defendant's claims. (*Id.,* doc. 18 at 2.) After Tsukuda failed to appear through a licensed attorney as ordered, the Court entered a default judgment against it on June 11, 2010. (*Id.,* doc. 42). It also severed the case against Petros, and it was opened as this action. (*Id.; see also* doc.1, this case.)

On April 18, 2011, Pretros filed a request in this case for the Clerk of Court to enter a default judgment against the SEC for failure to plead against his counterclaims and crossclaims filed in the Original Case. (*See* doc. 11.) The following day, the Court issued an order instructing the Clerk not to enter a default judgment because it had stricken Petros' counterclaims in the Original Case. (*See* doc. 15.) On April 26, 2011, Petros filed a motion for reconsideration of that order, alleging in relevant part that the order striking the counterclaims claims was erroneous because Rule 13(a) made their inclusion in this case compulsory, and that he was entitled to default judgment based on the failure to answer those compulsory counterclaims. (*See* doc. 17.) He also filed a motion to dismiss the complaint against him for failure to state a claim on grounds that it only stated a claim against Tsukuda. (*See* doc. 18.) By

3

order dated May 13, 2011, the Court construed Petros' motion to reconsider as arising under Fed. R. Civ. P. 59(e) and denied it based on a lack of an intervening change in the law, or new previously-unattainable evidence because the claims were barred by Section 21(g) where the SEC did not consent to include the claims. (*See* doc. 25 at 1-2.) The Court also denied Petros' motion to dismiss, finding that the SEC's complaint did state a claim against him. (*Id.* at 2-4.)

On May 20, 2011, Petros filed *Claimant's First Amended Counterclaim and Cross-claim* against the SEC, its employees in their individual capacities, and various affiliated third parties, again asserting that these parties acted outside the scope of their statutory authority by knowingly bringing a fraudulent suit with the intent of causing him irreparable damage. (*See* doc. 26.) On May 26, 2011, he filed a motion under Rule 59(e) to alter or amend the Court's May 13, 2011 order [doc. 25] reconsidering its prior order instructing the Clerk not to enter default judgment and denying his motion to dismiss. (*See* doc. 33.) On June 7, 2011, the SEC moved to strike Petros' amended counterclaims and crossclaims [doc. 26] as well as his motion to alter or amend (doc. 33). (*See* doc. 39.) In response, Petros moved to strike the SEC's motion to strike (doc. 39) and again requested that the Court dismiss the claims against him and enter a money judgment in his favor. (*See* doc. 42.)

On June 7, 2011, Petros filed a *Third-Party Complaint* on behalf of himself and Euro Capital Incorporated against the SEC's employees in their individual capacities, asserting causes of action for breach of contract, tortious interference with contract, negligent infliction of emotional distress, intentional infliction of emotional distress and seeking punitive damages and damages for pecuniary loss, loss of reputation, loss of good will, emotional distress and financial losses. (*See* doc. 37 at 1-2.) He again asserted that these employees acted outside the scope of

4

their statutory authority. (*Id.* at 5.) On June 21, 2011, the SEC moved to strike his third party complaint [doc. 37] as barred by Section 21(g). (*See* doc. 47.) On June 29, 2011, Petros responded to the SEC's motion to strike (doc. 47) by moving the Court to deny the motion to strike, dismiss the SEC's complaint, separate his first third party complaint [doc. 37], and strike all references in the SEC's complaint to third parties. (*See* docs. 55, 56). On July 26, 2011, the SEC reasserted its motion to strike (doc. 47) Petros' first third party complaint [doc. 37] and moved to strike a second third party complaint [doc. 109], which it apparently received before it was docketed on July 26, 2011. (*See* doc. 107.) Petros filed his second *Third-Party Complaint* on behalf of himself and Pioneer Capital Associates, Inc., against SEC employees, two other individuals, and two other corporations, again asserting the exact same causes of action as in his first third party complaint. (doc. 109 at 1-2). He again claimed that the SEC employees acted outside the scope of their statutory authority. (*Id.* at 3.)

On July 27, 2011, Petros filed a third *Third-Party Complaint* on behalf of himself only against one SEC employee who had been named in the two prior third party complaints. (*See* doc. 114.) He alleged that the employee prepared and filed a false and frivolous complaint against him for the sole purpose of inflicting emotional distress, pecuniary loss, loss of reputation, loss of good will, emotional distress and financial losses, and that he was acting outside of the scope of his statutory authority. (*Id.* at 1, 4.) On August 16, 2011, the SEC filed its supplemental motion to strike this third complaint [doc. 114] as well as the first two third party complaints [docs. 37, 109]. (*See* doc. 126.)

On August 16, 2011, Petros filed a fourth *Third Party Complaint and Motion for Summary Judgment* on behalf of himself and Lone Mountain Mining Company against the same

5

SEC employees named in the prior three third party complaints.  (*See* doc. 127.)  He alleged that the employees prepared and filed a false and frivolous complaint against him, tortiously interfered with Lone Mountain's business, negligently forced a loss of business, intentionally inflicted of loss of income, and caused punitive damages, pecuniary loss, loss of reputation, loss of good will, emotional distress and financial losses.  (*Id.* at 2.)

On August 17, 2011, the parties were ordered to refrain from filing any additional motions or pleadings in the case pending further order of the Court.  (*See* doc. 132.)

## II. PETROS' MOTIONS TO ALTER OR AMEND JUDGMENT (DOC. 33) AND TO DISMISS THE COMPLAINT AND FOR JUDGMENT (DOCS. 42, 55) AND SEC'S MOTION TO STRIKE (*See* DOC. 39) PETROS' MOTION

Petros moves under Rule 59(e) to alter or amend the May 13, 2011 order [doc. 25] denying reconsideration or relief from the order directing the Clerk not to enter default judgment and denying his motion to dismiss.  (*See* doc. 33 at 1.)  The SEC moves to strike this motion. (*See* doc. 39.)  Petros in turn again seeks dismissal of the SEC's complaint against him, to strike any references to third parties in the complaint, and entry of a money judgment in his favor.  (*See* docs. 42 at 3-4; 55.)

As the Court previously noted, a 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories or arguments that could have been offered or raised before judgment." (*See* doc. 25 at 1-2 (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).) Rather, "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present any newly discovered evidence." (*Id.*)   It has already determined that Section 21(g) of the Securities Exchange Act of 1934 bars Petros' counterclaims and crossclaims in this SEC enforcement proceedings because the SEC does not consent to the inclusion of his

6

claims. (Original case, doc. 18 at 2; this case, doc. 25 at 1-2.) Inclusion of Petros' claims in this case is therefore not compulsory. (*See* doc. 25 at 1-2.) The Court has also found that the SEC's amended complaint states a claim against Petros and denied his motion to dismiss. *Id.* at 3-4.

Petros now claims that his counterclaims and crossclaims should not have been stricken because Section 21(g) is not available to the SEC where it has come to court with "unclean hands." (doc 33 at 3.) "Under the doctrine of unclean hands, he who commits inequity is not entitled to equitable relief." *Regional Prop., Inc. v. Financial & Real*, 752 F.2d 178, 183 (5th Cir. 1985). Although the affirmative defense of unclean hands is not barred as a matter of law in an SEC enforcement action, "the SEC's misconduct must be egregious, the misconduct must occur before the SEC files the enforcement action, and the misconduct must result in prejudice to the defense of the enforcement action that rises to a constitutional level and is established through a direct nexus between the misconduct and the constitutional injury" in order for the defense to be available. *SEC v. Cuban*, 798 F. Supp.2d 783, 792-94 (N.D. Tex. 2011). Petros has not shown how his assertion of this affirmative defense at this stage meets the requirements of Rule 59(e), or why he could not have asserted the defense earlier. Even if his argument is considered on the merits, however, it still fails because he has failed to allege sufficient facts to support the availability of the defense in this case.

Petros also argues that his motion to dismiss should not have been denied because Rule 17(a) prohibits this case from being brought against him where he is not the "real person of interest." (doc. 33 at 7.) Rule 17(a) provides that an "action must be prosecuted in the name of the real party in interest". The Fifth Circuit has specifically held that "by its terms . . Rule 17(a) applies only to plaintiffs." *Salazar v. ALLSTATE Texas Lloyd's Inc.*, 455 F.3d 571, 573 (5th Cir.

7

2006). Again, Petros has not shown why this argument could not have been raised earlier, but it also provides no basis for relief from the May 13, 2011 order.

Because Petros has not presented either new evidence or an intervening change in the law, his motion to alter or amend (doc. 33) the May 13, 2011 order [doc. 25] denying reconsideration or relief from the order directing the Clerk not to enter default judgment and denying his motion to dismiss should be denied.

Petros' motions to dismiss, to strike the references to third parties in the SEC's amended complaint, and for judgment (*see* docs. 42, 55) essentially re-urge and/or repeat arguments already rejected by the Court in its prior rulings that his claims for relief are barred in this case and the amended complaint states a claim against him. (*See* doc. 25.) These motions should therefore also be denied. The SEC's motion to strike (doc. 39) Petros' motion to alter or amend should be denied as moot.

### III. SEC'S MOTIONS TO STRIKE (DOCS. 39, 47, 107, 126) AND PETROS' MOTIONS (*See* DOCS. 42, 55) TO STRIKE TWO OF THE MOTIONS TO STRIKE

The SEC moves to strike Petros' first amended counterclaim and crossclaim [doc. 26] and his subsequent three third party complaints [docs. 37, 109, 114] as barred in this SEC enforcement action. (*See* docs. 39, 47, 107, 126). Petros moves (*see* doc. 42) to strike the SEC's motion (doc. 39) to strike his counterclaim and crossclaim.

As noted, the Court has already determined that Petros' claims for relief are barred by Section 21(g) of the Securities Exchange Act of 1934 [15 U.S.C. 78u(g)] where the SEC does not consent to their inclusion. (Original case, doc. 18 at 2.) For this reason, Petros' initial counterclaims and crossclaims in the Original Case were stricken. *Id.* The SEC has subsequently and repeatedly asserted its lack of consent to the inclusion of any counterclaims or crossclaims in

this enforcement action. (*See* docs. 39, 47, 107, 126.)  The SEC's motion (doc. 39) to strike Petros' first amended counterclaims and crossclaims [doc. 26], and its motions (47, 107, 126) to strike Petros' first three third party complaints [docs. 37, 109, 114], should therefore also be granted.  The Court should also *sua sponte* strike Petros' fourth third party complaint [doc. 127] based on the SEC's prior and repeated assertions of lack of consent.  Petros' motions (docs. 42, 55) to strike or deny the SEC's motions (doc. 39, 47) to strike his counterclaim and crossclaim should be denied.

## IV.  REMAINING MOTIONS (DOCS. 44, 55, 127, 128)

Petros moves for a separate trial (docs. 44,55) and for summary judgment (docs. 127, 128) based on the third party complaints.   Based on the recommendation that the third party complaints should be stricken, these motions should be denied as moot.

## V.  CONCLUSION

Based on the relevant filings and applicable law, Petros' motions to alter or amend judgment (doc. 33) and to strike or deny the SEC's motions to strike, to strike references to third parties, and for dismissal and judgment (*see* docs. 42,55) should be **DENIED**; the SEC's motion to strike (*see* doc. 39) Petros' motion to alter or amend judgment should be **DENIED as moot**; the SEC's motion (doc. 39) to strike Petros' counterclaims and crossclaims [doc. 26] and motions to strike (docs. 47, 107, 126) his first three third party complaints [docs. 37, 109, 114] should be **GRANTED**; Petros' counterclaims and crossclaims [doc. 26] should be **STRICKEN**; all of Defendant's third party complaints [docs. 37, 109, 114, 127] should be **STRICKEN**; and the motions for separate trial (docs. 44, 55) and for summary judgment  (docs. 127, 128) based on the stricken third party complaints should be **DENIED as moot**.

In addition, Petros should be ordered not to file in this case (1) any additional motions to reconsider, alter, or amend the order instructing the Clerk not to enter default judgment or the orders denying such motions; (2) any motions to reconsider, alter, or amend the orders striking counterclaims, crossclaims, or third party complaints; or (3) any additional counterclaims, crossclaims, or third party complaints.  The SEC should be ordered not to file multiple motions seeking the exact same relief.[3]  The parties should also be ordered not to respond a motion of the opposing party with a motions to deny or to strike the motion, but to only file a response to the motion.

**SO RECOMMENDED on this 3rd day of February, 2012.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] For example, three of Plaintiff's motions seek to strike the same third party complaint.  (*See* docs. 47, 107, and 126, all seeking to strike doc. 37.)

10

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a cop. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE