IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 3:10-CV-1178-M |
| § § | |
| JOHN W. PETROS, § § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the District Court's *Standing Order of Reference*, filed May 24, 2011, this case was referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is Defendant's *Motion for More Definite Statement*, filed June 14, 2011 (doc. 43). Based on the relevant filings and applicable law, the motion is **DENIED.**

## I. BACKGROUND

On January 26, 2010, Plaintiff Securities Exchange Commission (SEC) filed a complaint against Defendants Tsukuda-America, Inc. (Tsukuda) and John W. Petros (Petros) alleging that they violated federal securities laws by filing false registration and offering statements. *See SEC v. Tsukada-America, Inc. and John W. Petros*, No. 3:10-cv-136-M (Original Case). Petros filed an answer on behalf of Tsukuda and himself that asserted counterclaims and crossclaims against the SEC and several of its employees and crossclaims against various third parties to which he attributed responsibility for the SEC's allegations against him. (*See* Original Case, doc. 7.) The Court granted the SEC's motion to strike the counterclaims and crossclaims. (*Id.,* doc. 18 at 2.) After Tsukuda failed to appear through a licensed attorney as ordered, the Court entered a default

judgment against it on June 11, 2010. (*Id.*, doc. 42). It also severed the case against Petros, which was opened as this action. (*Id.; see also* doc.1, this case.)

On April 1, 2011, Pretros moved to dismiss this case on grounds that the SEC had not filed a complaint against him, and that the complaint in the Original Case failed to state a claim against him. (*See* doc. 5.) The Court denied the motion by order dated April 6, 2011, and ordered the SEC to file an amended complaint to clarify the claims it was asserting against Petros. (*See* doc. 6.) The SEC filed its amended complaint on April 20, 2011, asserting claims against Petros for fraud in the offer of securities and violations of Section 17(a) of the Securities Act. (*See* doc. 14.) The amended complaint specifically alleges that Petros is the sole officer and shareholder of Tsukuda, that he prepared and electronically filed its Form S-1 registration statement, and that the registration statement contained false and misleading statements and forged and fictitious documents. *Id.* at 1-2, 4-6. It also alleges that Petros similarly prepared and submitted false and misleading registration and offering statements, included "bogus audit and legal opinions and consents from non-existent lawyers and accountants", fabricated corporate financial information, and issued legal opinions as counsel for the other entities mentioned in the complaint. *Id.* at 2, 6-8.

On April 26, 2011, Petros filed a motion to dismiss the amended complaint for failure to state a claim against him, arguing that the complaint only stated a claim against Tsukuda. (*See* doc. 18.) By order dated May 13, 2011, the Court denied Petros' motion to dismiss, finding that the SEC's complaint did state a claim against him upon which relief could be granted. (*See* doc. 25 at 2-4.)

Petros now moves for a more definite statement of the claims against him in the amended complaint. (*See* doc. 43.) He again contends that the cause of action stated in the amended

complaint is only against Tsukuda and other entities, and that the complaint does not name any of the real parties of interest. *Id.* He requests that the Court order the SEC to remove all references to Tsukuda and the other entities. *Id.* at 3. The SEC responds that its complaint "is not unintelligible", complies with the requirement of Rule 8(a) by providing a short and plain statement of the claims against Petros, and complies with the requirements of Rule 9(b) by asserting "particular factual allegations constituting fraud." (*See* doc. 95.)

## II. ANALYSIS

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed" if it is "so vague or ambiguous that the party cannot reasonably prepare a response." Whether to grant a Rule 12(e) motion for more definite statement is within the court's sound discretion. *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998); *Travelers Indem. Co. of Conn. v. Presbyterian Healthcare Res.*, 313 F. Supp. 2d 648, 653-54 (N.D. Tex. 2004). Such motions are generally "disfavored" and only used to remedy "an unintelligible pleading" rather than to provide additional detail. *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001) (quoting *Frazier v. Se. Pa. Transp. Auth.*, 868 F. Supp. 757, 763 (E.D. Pa. 1994)); *accord Travelers Indem. Co.*, 313 F. Supp. 2d at 653-54. The party seeking a more definite statement has the burden to show a need for one. *See El Chico Restaurants of Tex., Inc. v. Carroll*, No. 3:09-CV-2294-L, 2010 WL 2697293, at *4-5 (N.D. Tex. July 8, 2010); *Austin v. Hood Cnty.*, No. 3:06-CV-1997-D, 2007 WL 631278, at *4 (N.D. Tex. Mar. 1, 2007).

A party may rely on a motion for a more definite statement to test the notice pleading requirement of Rule 8(a). *See Turner v. Pavlicek*, 2011 WL 4458757, at * 16 (S.D. Tex. Sept. 22,

2011) (citing 5 Federal Practice and Procedure § 1203); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Rule 8 requires only that a complaint provide a short and plain statement of the claim showing that the plaintiff is entitled to relief. To comport with Rule 8(a), the complaint must either: "(1) provide notice of the circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Gen. Star Indem. Co. v. Vesta Fire Ins. Co.*, 173 F.3d 946, 950 (5th Cir. 1999).

      A party may also rely on Rule 12(e) to challenge the sufficiency of a complaint under Rule 9(b). *See Lindsey v. Dyncorp. Internat'l, LLC,* 2009 WL 1704253, *1 (S.D. Tex. June 17, 2009) (citations omitted). Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b); *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

      Here, the SEC's amended complaint is not is so vague or ambiguous or unintelligible that Petros cannot reasonably prepare a response. It comports with Rule 8(a) and provides adequate notice of its claims against Petros for fraud in the offer of securities and violations of Section 17(a) of the Securities Act. It also meets the heightened pleading standard of Rule 9(b) in that it specifically identifies the "'the who, what, when, where, and how'" of Petros' allegedly fraudulent

statements. The amended complaint specifically alleges that Petros prepared and electronically filed Form S-1 registration statements for several entities he controlled, that the registration statements contained false and misleading statements and forged and fictitious documents, including "bogus audit and legal opinions and consents from non-existent lawyers and accountants" and fabricated corporate financial information. Petros has not met his burden to show a need for an order that the SEC re-plead its allegations to provide a more definite statement.

### III. CONCLUSION

Defendant's motion for a more definite statement is **DENIED**.

**SO ORDERED on this 6th day of February, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE