IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 3:10-CV-1178-M |
| JOHN W. PETROS, | § § § | |
| Defendant. | § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the District Court's *Standing Order of Reference*, filed May 24, 2011, this case was referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is Defendant's *Motion for Summary Judgment*, filed August 3, 2011 (doc. 117). Based on the relevant filings and applicable law, the motion should be **DENIED.**

### I. BACKGROUND

On January 26, 2010, Plaintiff Securities Exchange Commission (SEC) filed a complaint against Defendants Tsukuda-America, Inc. (Tsukuda) and John W. Petros (Petros) alleging that they violated Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] (Securities Act) by filing false and misleading registration and offering statements. *See SEC v. Tsukada-America, Inc. and John W. Petros*, No. 3:10-cv-136-M (original case). Petros filed an answer on behalf of Tsukuda and himself that asserted counterclaims and crossclaims against the SEC and several of its employees for allegedly abusing the power granted by the Securities Act and the Securities Exchange Act of 1934 (Securities Exchange Act). (*See* original case, doc. 7.) He also asserted crossclaims against various third parties to which he attributed responsibility for the SEC's

allegations against him. (*See id.*) The Court granted the SEC's motion to strike the counterclaims and crossclaims on grounds that Section 21(g) of the Securities Exchange Act "functions as an absolute bar against counterclaims and crossclaims in SEC enforcement proceedings" in cases where the SEC does not consent to the inclusion of a defendant's claims. (*Id.,* doc. 18 at 2.) After Tsukuda failed to appear through a licensed attorney as ordered, the Court entered a default judgment against it on June 11, 2010. (*Id.,* doc. 42). It also severed the case against Petros, and it was opened as this action. (*Id.; see also* doc.1, this case.)

On April 1, 2011, Petros moved to dismiss this case on grounds that the SEC had not filed a complaint against him and that the complaint in the original case failed to state a claim against him. (*See* doc. 5.) The Court denied the motion by order dated April 6, 2011, and ordered the SEC to file an amended complaint to clarify the claims it was asserting against Petros. (*See* doc. 6.) The SEC filed its amended complaint on April 20, 2011, asserting claims against Petros for violations of Section 17(a) of the Securities Act. (*See* doc. 14 at 1, 8-9.) The complaint alleges that Petros is the sole officer, director and shareholder of Tsukuda, and that he filed a Form S-1 registration on its behalf with the SEC that contained false and misleading statements and included forged and fictitious documents. *Id.* at 1, 4-6. The complaint also alleges that Petros similarly prepared and submitted false and misleading registration and offering statements for Pioneer Capital Associates, Inc. (Pioneer Capital), Phoenix Gold Mining Corporation (Phoenix Gold), Euro Capital Incorporated (Euro Capital), and Lone Mountain Mining Company (Lone Mountain) that also included forged and fictitious documents. *Id.* at 2, 6-8.

Petros now moves for summary judgment on grounds that the registration and offering statements of Tsukuda and the other entities were filed by or through their own officers and

directors, not him. (*See* doc. 118.) The SEC has filed its response, Petros has filed his reply, and the motion is now ripe for consideration.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

"The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'" *Rooters v.*

*State Farm Lloyds*, 428 F.App'x 441, 445 (5th Cir. 2011) (citing Fed. R. Civ. P. 56(c)(1)). While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

### III. ANALYSIS

Petros moves for summary judgment on the SEC's claims that he violated Section 17(a) of the Securities Act.[1] He contends that there is no genuine issue of material fact that the registration and offering statements at issue were filed by Tsukuda and the other entities through their officers and directors, and not by him. (*See* doc. 118.) In support, he points to the SEC's responses to his requests for admission. (*Id.* at 2-4, 6*;* doc. 119.)

---

[1] Section 17(a) of the Securities Act provides in relevant part:

> It shall be unlawful for any person in the offer or sale of any securities . . . by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly
>
> > (1) to employ any device, scheme, or artifice to defraud, or
> >
> > (2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
> >
> > (3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

15 U.S.C. § 77q(a).

Contrary to Petros' assertions, the SEC's responses unequivocally state that Petros was the sole director and shareholder of Tsukuda, and that he signed the registration statements on behalf of Tsukuda and the other entities. (doc. 119 at Exh. B, Ans. 10-11, 17-18, 20-21, 23-26, 30-31.) Petros has not met his burden to identify an absence of evidence to support the SEC's claim that he filed the registration and offering statements at issue.

Even assuming for purposes of this motion that his allegations are sufficient to shift the burden to the SEC to identify evidence in the record raising a genuine issue of material fact that Petros signed the statements, it has met this burden. The SEC points to Petros' judicial admissions in the initial action against Tsukuda that he is the sole officer. (*See* original case, doc. 27.) It has also submitted the declaration of Joann Harris, which states that Petros submitted Tsukuda's filings to the SEC electronically, and that he signed its filings and the "Form ID Application Acknowledgment" for the electronic processing of the filings. (doc. 151, Exh. 7 at 323-24.) The declaration attaches the "Form ID Application Acknowledgment" reflecting Petros as the signatory. (*Id.*, at 352-53.) The SEC has also submitted the offering statements for the other entities reflecting Petros' role as the sole officer. (*Id.*, Exh. 3-6 at 131-322.) Viewing this evidence in the light most favorable to the summary judgment motion's opponent, it is sufficient to support a resolution of the factual issue in the SEC's favor. Because a genuine issue of material fact exists regarding his role in signing and filing the registration and offering statements that are the subject of the complaint and that allegedly violate Section 17(a), Petros is not entitled to summary judgment.

## IV. CONCLUSION

Petros' motion for summary judgment should be **DENIED**.

**SO RECOMMENDED on this 27th day of February, 2012.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a cop. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE